GUIDRY, Judge,
concurring.
I fully agree with my brethren of the majority that the judgment of the trial court awarding sole custody of the children to Ms. Veillon should be reversed. In my view, if sole custody is the award which will serve the children’s best interest, then custody should be continued in Mr. Veillon. In my opinion, however, the record reflects that the trial court failed to give adequate consideration to an award of joint custody. Possibly, this is so because Ms. Veillon sought only a change to sole custody and Mr. Veillon requested joint custody only as an alternative. Regardless of the specific demands of the parties, under La.C.C. Arts. 146 and 157 (A), joint custody is presumed to be in the best interest of the children and must be considered the preferred award unless the presumption is overcome.
Apparently, the trial court dismissed the possibility of a joint custody award solely because of the distance between the respective residences of the parties. My brethren of the majority agree with this determination and suggest that the stability of environment factor spoken to in La.C.C. Art. 146 (C)(2)(d) also militates against an award of joint custody. I agree that these factors are material, however, when it is shown that, except for these two factors, all of the other considerations spoken to in La.C.C. Art. 146 (C)(2) favor an award of joint custody, the possibility of such an award deserves more than passing consideration.
The record reflects that both parents have love, care and concern for their chil *470 dren. Both parents have the capacity and disposition to provide the children with food, clothing, medical care and other material needs. The plaintiff and defendant do not have a history of animosity towards one another. Rather, to the contrary, it seems clear from the record that each has the willingness and ability to facilitate and encourage a close and continuing parent-child relationship between the children and the other parent. Although geographical distance between the respective residences of the parties must be considered, standing alone, it is not decisive. As we stated in Meylian v. Meylian, 478 So.2d 218 (La. App. 3rd Cir.1985):
“Many joint custody plans provide for physical custody with one parent during nine months of the year, corresponding .to the school year, with the child residing with the other parent during three months, corresponding to the summer vacation months. Hatchett v. Hatchett, 449 So2d 626 (La.App. 1st Cir.1984), writ denied, 457 So2d 11 (La.1984); Johnson v. Johnson, 444 So2d 283 (La.App. 1st Cir.1983); Plemer v. Plemer [436 So.2d 1348] supra; Spaht “Developments in the Law 1983-1984, Child Custody”, 45 La.L.Rev. 467 at 480, 1984. The nine month-three month custody plans are desireable when the parents live in different cities, different states, or when one of the parents lives relatively far away from the child’s school.”
Joint custody means more than just the physical sharing of the children to the extent possible. Joint custody permits, facilitates and encourages the continued participation of both parents in decisions which concern the education, health, religion etc. of the children and, of course, assures the children of frequent and continuing contact with both parents. For these reasons, it deserves more than passing consideration. This is not to suggest that an award of joint custody is necessarily the appropriate remedy in this case. However, in the interest of justice and, more importantly, in order to serve the best interest of the children, I would remand this matter to the trial court for further consideration of the custody award which will serve the children’s best interest.
For the above and foregoing reasons, I respectfully concur.